IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL PAYNE,

    Petitioner,

v.                                         CIV 07-1017 MCA/KBM

TIM LeMASTER, Warden, et al.,

    Respondents.

## PRELIMINARY PROPOSED FINDINGS/RECOMMENDATION ON TIMELINESS & EXHAUSTION

Petitioner Paul Payne filed this matter seeking federal habeas relief under 28 U.S.C. § 2254. *See Doc. 1.* Because he filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards apply to this case. *E.g., Michael Williams v. Taylor,* 529 U.S. 420, 429 (2000); *Lindh v. Murphy,* 521 U.S. 320, 326-327 (1997).

Preliminary issues under AEDPA are timeliness and exhaustion, and Payne has filed a motion as to "accept" his federal petition as timely filed. *See Doc. 3.* Additionally, in their Answer the respondents raise the issue of whether the state

proceedings have been exhausted.  *See Doc. 12* at 2-4; *id.,* Exhs. X-BB.[1]

*Statute of Limitations Analysis*

Pursuant to 28 U.S.C. § 2244(d)(1), the AEDPA one-year limitations period commences "from the latest" of four possible time periods.  Only one of those options is implicated here – the date the state conviction became "final."  Payne's conviction became "final," and the statute of limitations began to run, on Monday, October 20, 2003.  This dates marks the expiration of the ninety-day period Payne had to petition the Supreme Court of the United States for certiorari after the New Mexico Supreme Court denied relief on direct appeal.[2]  Absent tolling then, the federal petition would have been due on the one-year "anniversary" date or Wednesday, October 20, 2004.[3]

---

[1] Unless otherwise noted, all references to exhibits are those attached to Respondents' Answer.  *See Doc. 12,* Exhs. A-BB.

[2] *See* Exhs. H-I; *see also, e.g.,* 28 U.S.C. § 2244(d)(1)(A); *Locke v. Saffle,* 237 F.3d 1269, 1271-73 (10th Cir. 2001).  Because the expiration date actually fell on a weekend, the following Monday is the relevant date.  *See, e.g.,* FED. R. CIV. P. 6(a); *Riggs v. Crandell,* 1999 WL 197168 at * 2 (10th Cir. 1999) ("Since September 7th fell on a Sunday, petitioner had until Monday, September 8, 1997.  The § 2254 petition was filed on September 9, 1997, one day after the expiration of the limitations period. Therefore, the petition was time-barred."); *Dreher v. Hargett,* 1999 WL 46716 at * 1 (10th Cir. 1999) ("The resulting deadline for filing the petition fell on Saturday, May 17, 1997.  Under  Rule 6 of the Federal Rules of Civil Procedure, the last day of computation for a filing date shall not be included if it falls on a Saturday or Sunday . . . Consequently, the deadline for filing the habeas petition fell on Monday").

[3] *See United States v. Hurst,* 322 F.3d 1256, 1259-61 (10th Cir. 2003) (§ 2255 petition); *Gunderson v. Abbott,* 172 Fed. Appx. 806, 808 (10th Cir. 2006) (§ 2254 petition).

Payne had filed a *pro se* state habeas petition on Thursday, August 12, 2004, leaving 69 days left on the AEDPA statute of limitations. Those state post-conviction proceedings did not conclude until July 30, 2007. All of that time qualifies for tolling because the New Mexico Supreme Court granted extensions for certain filings that otherwise would have been untimely.[4]

The federal petition in the instant action is timely because Payne "filed" it within the 69 period he had remaining. Under the most generous calculation, Payne waited only 52 days, or until September 20, 2007 to sign the federal petition which is the earliest indication of when he delivered his federal petition to prison officials for mailing. *See Houston v. Lack,* 487 U.S. 266, 276 (1988). Even if I use

---

[4] For state law timeliness purposes, in New Mexico, the court filing date applies, as opposed to the "prison mailbox rule." *E.g., Garcia v. Shanks,* 351 F.3d 468, 471-72 (10th Cir. 2003); *Adams v. LeMaster,* 223 F.3d 1177, 1181 (10th Cir. 2000), *cert. denied,* 531 U.S. 1195 (2001). The district judge denied Payne's state habeas petition on February 16, 2007. Under New Mexico rules, Payne then had thirty days, or by Monday, March 19, 2007, to petition the New Mexico Supreme Court for certiorari. *See* N.M. R. CRIM. PROC. 5-802(H)(2); N.M. R. App. Pro. 12-501(B). The attorney who represented him requested and was granted permission to file outside of the time-frame. *See Exh. O* at 1; *Exh. W* (docket sheet entries from 3/16/07 through 3/26/07). The New Mexico Supreme Court ordered a response, denied certiorari on May 21, 2007, and then accepted a motion for "reconsideration" out of time and denied it on July 30, 2007. *See Exhs. P-T; see also Exh. W* (docket entries 5/21/07 - 7/30/07). While the motion for "reconsideration" provides additional tolling time in New Mexico after denial of a petition for certiorari, unlike the situation with direct appeals, there is no further tolling for any additional proceedings in the Supreme Court of the United States after state post-conviction proceedings. *See Lawrence v. Florida,* ___ U.S. ___, ___, 127 S. Ct. 1079, 1085 (2007); *Serrano v. Williams,* 383 F.3d 1181, 1185 (10th Cir. 2004); *Jones v. Oklahoma,* 191 Fed. Appx. 752, 754-55 (10th Cir. 2006).

the Court's later file-stamp date of October 4, 2007, there were three days left to spare on the statute of limitations.

Payne's motion to accept his federal petition as timely is thus based on a faulty premise. In January 2007, Payne was concerned about meeting the AEDPA limitations deadline. In a separate suit in this district, he filed a pleading asserting federal habeas jurisdiction and requested the Court to "equitably toll" the AEDPA limitations period. He believed that the one-year statute of limitations period had begun to run after his direct appeal concluded, and that he had missed the deadline. District Judge M. Christina Armijo was assigned the case. *See Payne v. New Mexico,* CIV 07-108 MCA/CG (Doc. 1 at 1; Doc. 6).

As grounds for the requested tolling, Payne stated that he had been transferred to the Utah prison system in December 2003, and that he thereby lacked access to a library with federal and New Mexico law or was otherwise hindered in his ability to pursue relief with the courts. *See id.* at 3. He did note, however, that he had filed suit in "Santa Fe District Court, case No D-101-CV200502571" challenging this alleged denial of access to the courts. *Id.* at 2.[5]

---

[5] In fact, despite his assertions of lack of access to the courts, Payne had not only the state suit for lack of access to the courts but a state habeas action pending in the New Mexico courts at that time. *See id.* (Doc. 6); *see also* Exhs. J-T. Yet he reiterated those arguments in asking this Court to compel Respondents to transfer him back to the New Mexico prison system. *See* Doc. 8. The request was denied earlier this month. *See Doc. 17.*

4

Payne thus asked for a declaration that the AEDPA limitations period for his forthcoming federal habeas petition had been tolled since his transfer to Utah some three years earlier.  *Id.* at 3.

Judge Armijo noted not only that Payne's asserted reasons for the delay could not support tolling, but also that tolling issues are usually not decided until after the federal habeas petition is filed.  *See id.* (Doc. 5 at 1).  She therefore left the record open for thirty days to allow Petitioner to file his habeas petition.  *See id.* Payne did not do so.  Instead, he filed a pleading seeking to "voluntarily withdraw" the action, and the case was closed.  He did so because he had come to a different view of the limitations issue – his federal petition was not untimely, only unexhausted at that time.

*Exhaustion Analysis*

Respondents note that the fourteen claims Payne raises in his federal petition were exhausted either on direct appeal or in the state post-conviction proceedings. *See Doc. 12* at 4.  They question, however, whether exhaustion has been satisfied given the pending state action where Payne is challenging access to the courts – "Santa Fe County Cause No. CV-2005-2571."  *Id.* at 3.[6]  Payne labeled his initial

---

[6] The case is still pending as of January 18, 2008.  The matter is still being briefed.  *See* www.nmcourts.com/caselookup/app ("D-101-CV-200502571").

5

pleading in that proceeding as seeking "habeas" relief, and no doubt this label is why Respondents question exhaustion. *See id.* at 2 & Exhs. X-BB.

Just as an inmate's characterization of a pleading is not dispositive of the relief available in federal court, neither should his characterization of a state proceeding be dispositive on the issue of AEDPA exhaustion. *See, e.g., Roman-Nose v. New Mexico Dept. of Human Servs.*, 967 F.2d 435, 4337 (10th Cir. 1992). As Judge Armijo earlier ruled, not only are access to the courts claims are not grounds for habeas relief, Payne's access to the courts claim is without merit. *See Doc. 17* at 2-3. Therefore, I find the federal petition is exhausted because the pending state proceedings would have no impact on the federal habeas issues.

*Need to Expand the Record*

Finally, having reviewed the present record, I find expansion is necessary. *See* Rule 7, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS. Payne was incarcerated at the Lea County Correctional Facility when a Hispanic inmate was murdered. Payne and another Anglo inmate were charged with the crime, with Payne's case number being "99-319." The other inmate pled guilty, and Payne agreed to waive his right to a jury trial in exchange for the State agreeing: (1) to not seek the death penalty, and (2) to request the Utah Department of Corrections to transfer Payne out of New Mexico and into its

prison system.

Judge William P. Lynch presided at the bench trial.[7] He found Payne guilty of first degree murder, conspiracy to do the same, and possession of a deadly weapon by a prisoner, and sentenced Payne to life imprisonment plus nine years followed by five years parole, with this sentence to run consecutive to his sentence in "99-46"[8] for escape from prison.  *E.g.,* Exh. A at 1-1; *Exh. E* at 1; *Exh. J* (judgment and sentence among attachment marked as "I"); *Exh. O* (attachment dated 8/3/04 – State's response to motion to withdraw waiver).

The New Mexico Supreme Court decided two issues on direct appeal: (1) whether Payne's Confrontation Clause right was violated by the introduction of pretrial testimony of an officer who was unavailable at trial due to brain damage; and (2) whether the evidence was sufficient to support the conviction on all charges.  In denying state post-conviction relief, Judge Ralph D. Shamas did not address the various ineffective assistance of counsel claims separately.  He held that Payne was "raising matters that we previously addressed and rejected . . . prior to

---

[7] Judge Lynch took the federal bench as a Magistrate Judge in April 2005.  He was randomly assigned this case at the outset, but because he presided at the state criminal trial, the case was transferred to me.  *See Doc. 4.*

[8] Judge Lourdes A. Martinez presided over the escape trial in "99-46," and she took the federal bench as a Magistrate Judge in May 2003.

trial or . . . on appeal." *Exh. L* at 1. He also held that "Petitioner was ably represented by his counsel," it was "clear" that Judge Lynch was "careful to assess the competency of counsel as this case progressed through pre-trial and trial proceedings," and "Petitioner's quarrel now with the adequacy of his counsel is truly unpersuasive in the light of all that has transpired in his case." *Id.* at 2.

I cannot evaluate the "reasonableness" of these conclusions under AEDPA standards without having the materials Judge Shamas relied upon and incorporated into his findings. *See, e.g., Snow v. Sirmons,* 474 F.3d 693, 696-97 (10th Cir. 2007). I therefore recommend that if my timeliness and exhaustion proposed findings are adopted, then the record be expanded to include: (1) the state "record proper;" (2) all transcripts or tapes of pretrial, trial, and post-trial proceedings (if the proceedings are taped, the Court would prefer Respondents to have them transcribed, *see* Rule 5(c) – "The judge may order that . . . parts of the untranscribed recordings be transcribed and furnished."); (3) any pretrial and trial exhibits that are particularly pertinent to resolution of the federal claims; and (4) other materials either party wants to submit.

Wherefore,

IT IS HEREBY RECOMMENDED that the federal petition in this matter be found timely and exhausted, and that Petitioner's motion to accept the petition as timely on tolling grounds *(Doc. 3)* be DENIED AS MOOT.

IT IS FURTHER RECOMMENDED that if the recommendation on timeliness and exhaustion is adopted, Judge Armijo simultaneously order the record to be expanded as provided above.

> THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  A party must file any objections with the Clerk of the District Court within the ten-day period  if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE