## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

PAUL PAYNE,

       Petitioner,

v.                                                                          CIV 07-1017 MCA/KBM

TIM LeMASTER, Warden, et al.,

       Respondents.

## <u>ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>

      The Magistrate Judge filed her Proposed Findings and Recommended Disposition on December 29, 2008, denied Petitioner's request to stay his time for objections, and gave Petitioner until February 6, 2009 to object. *See Docs. 38-42.* Petitioner signed his objections on February 4, 2009, and I will liberally construe this signature as compliant with the prison-mailbox rule and consider the objections timely filed. *See Doc. 43.*[1]

---

[1] *Compare Mukes v. Warden of Joseph Harp Correctional Center,* 2008 WL 5088025 at * 3, n.2 (10th Cir. 2008) ("Under the prison mailbox rule, a prisoner's petition is deemed filed when the prisoner gives it to prison officials for mailing. *See Fleming v. Evans,* 481 F.3d 1249, 1255 n. 2 (10th Cir. 2007). Mukes' petition is file-stamped May 28, 2008, but his signature is dated June 2, 2008. The magistrate presumed Mukes gave the petition to prison officials on the date he executed the form, thus treating June 2 as the filing date."); *but see Gaines v. U.S. Marshals Service,* 291 Fed. App'x 134, 136 (10th Cir. 2008) ("Under the prison mailbox rule, when an inmate does not have access to a legal mail system, as was the case with Mr. Gaines, "[t]imely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." *Price,* 420 F.3d at 1164. Here it is undisputed that Mr. Gaines submitted a proper declaration indicating that he gave a copy of the complaint to prison officials on February 20, 2006, which was barely within the six month window for filing under the FTCA. However, he neglected to state that first class postage was prepaid, a requirement that our cases have rigidly enforced. *See Price,* 420 F.3d at 1166 (holding that a complaint was untimely because the plaintiff had failed to comply with the prison mailbox rule). Thus, Mr. Gaines's filing was untimely, and the district court did not err in determining that it lacked subject matter

Petitioner's objections are comprehensive and detailed, and belie his previous assertion that he is hampered in his ability to object because he is incarcerated in Utah and allegedly does not have access to New Mexico or federal law.  *See, e.g., Doc. 41* at 1-3; *Doc. 42* at 1; *Doc. 43* at 1.  Among other things, Petitioner:  objects to applying AEDPA deferential standards of review, *Doc. 43* at 1-2; objects to the lack of an evidentiary hearing by this Court, *id.* at 3-4, 8-13; presents his version of the events preceding the murder, which I note differs somewhat from previous assertions in state and this Court, *see id.* at 6-7;[2] disagrees with the construction of the agreement to waive a jury trial, *id.* at 14-17;  asserts that *Crawford* rather than *Roberts* is the governing standard, *id.* at 20-21; asserts that *Cronic* rather than *Strickland* is the governing standard, *id.* at 23-24, 29-32; and maintains that tapes of certain pretrial hearings have bearing on the issues, *id.* at 27.  I have carefully reviewed all of the objections *de novo.  See Garcia v. City of Albuquerque,* 232 F.3d 760, 766-67 (10th Cir. 2000).  I disagree that the Magistrate Judge's treatment of the above issues is erroneous or reached the wrong conclusion and overrule those objections and all the others not listed here as without merit.

Petitioner has also filed a motion requesting "effectuation of mailbox rule [and and] order compelling" Utah prison officials to give him "daily access to mailbox/posting of mail and

jurisdiction.").

---

[2]  *See Doc. 43* at 6-7 (Petitioner delivers a big bag of laundry to the decedent, who is alive and does not want to put individual items under the door, so Petitioner calls out for the door to be opened while the decedent "ask the guard in the picket to pop open the door," Petitioner and the decedent move toward the back of the cell when the codefendant pushes past Petitioner and into the cell; Petitioner places the laundry bag such that the door will not close, and exits the cell; he stands on the platform sorting laundry as Office Phillips looks at him "with a questioning look as if to say 'Hey man, what's going on up there;" after Office Phillips instructs Petitioner to "rack in," Petitioner asks another inmate in his cell for a cigarette and "stands at the top of the stairs watching Officer Phillips in the picket for a minute or so fumbling with the keys and pad lock that secures the locker box that holds the batons.  As Phillips gets the locker box open [Petitioner] turns and goes to B-206 and gets the cigarettes and starts toward his cell.  As [Petitioner] reaches approx B-204 [Officer] Phillips is yelling 'Rack in.  Go to your cell.'  People start yelling and whooping and banging their doors").

copying of legal documents." *Doc. 44*.  In light of the above disposition, I deny the motion as moot.

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.     The Magistrate Judge's Proposed Findings and Recommended Disposition *(Doc. 38)* is ADOPTED;

2.     Petitioner's motion *(Doc. 44)* is DENIED AS MOOT;

3.     The § 2254 petition is dismissed **with prejudice;** and

4.     A final order enter concurrently herewith.

**SO ORDERED** this 31st  day of March, 2009.


_____
M. CHRISTINA ARMIJO
United States District Judge

3